Jeffrey L. O'Hara (JO6862)
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys For Plaintiff
Ramada Worldwide Inc.

RECEIVED CLERK
U.S. DISTRICT COURT

2005 APR 11  A 10: 46

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAMADA WORLDWIDE INC. f/k/a Ramada Franchise Systems, Inc., a Delaware Corporation | : <br> : <br> : Civil Action No. 05- 1873 (DMC) |
| Plaintiff, | : <br> : **COMPLAINT** |
| v. | : |
| MDRB CORPORATION, a Maryland Corporation; DEEPAK BHATNAGAR, an individual; and MEENAKSHI BHATNAGAR, an individual, | : <br> : <br> : <br> : |
| Defendants. | |

Plaintiff Ramada Worldwide Inc., by its attorneys, Connell Foley LLP, complaining of defendants MDRB Corporation, Deepak Bhatnagar, and Meenakshi Bhatnagar, says:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Ramada Worldwide Inc. ("RWI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

2. Defendant MDRB Corporation ("MDRB"), on information and belief, is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 1600 New York Avenue NE, Washington, DC.

3. Defendant Deepak Bhatnagar ("Deepak"), on information and belief, is a principal of MDRB and a citizen of the State of Maryland, residing at 403 "O" Street, Mt. Lake Park, Maryland.

4. Defendant Meenakshi Bhatnagar ("Meenakshi"), on information and belief, is a principal of MDRB and a citizen of the State of Maryland, residing at 403 "O" Street, Mt. Lake Park, Maryland.

5. The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over MDRB by virtue of, among other things, section 17.4 of the July 9, 1998 License Agreement by and between MDRB and RWI (the "License Agreement"), described in more detail below, pursuant to which MDRB has consented "to the non-exclusive personal jurisdiction

of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey . . . ."

8. This Court has personal jurisdiction over Deepak and Meenakshi by virtue of, among other things, the terms of a Guaranty (the "Guaranty"), described in more detail below, pursuant to which Deepak and Meenakshi acknowledged that they were personally bound by section 17 of the License Agreement.

9. Venue is proper in this District pursuant to section 17.4 of the License Agreement, inasmuch as that provision contains an express waiver by MDRB of any objection to venue in this District.

### ALLEGATIONS COMMON TO ALL COUNTS

#### The Agreements Between The Parties

10. On or about July 9, 1998, RWI, formerly known as Ramada Franchise Systems, Inc., entered into the License Agreement with MDRB for the operation of a 147-room guest lodging facility located at 1600 New York Avenue NE, Washington, DC, Site No. 7260 (the "Facility"). A true copy of the License Agreement is attached hereto as Exhibit A.

11. Pursuant to section 5 of the License Agreement, MDRB was obligated to operate a Ramada guest lodging facility

for a fifteen-year term, during which time MDRB was permitted to use the Ramada tradename and service marks ("Ramada Marks") in association with the operation and use of the Facility as part of RWI's franchise system.

12. Pursuant to section 3 of the License Agreement, MDRB was required, among other things, to make renovations to the Facility, in order to bring the Facility into compliance with "System Standards," "Approved Plans," and/or a "Punch List," all of which were defined in or attached to the License Agreement, and to achieve and maintain certain scores on periodic quality assurance inspections conducted by RWI.

13. Pursuant to section 3.4 of the License Agreement, MDRB was required to operate the Facility in compliance with RWI's "System Standards," as defined in the License Agreement, including RWI's quality assurance requirements.

14. Pursuant to section 4.8 of the License Agreement, RWI had the right to conduct inspections of the Facility (and unlimited reinspections if the Facility received a failing score in the inspection) to determine whether the Facility was in compliance with RWI's quality assurance requirements.

15. Pursuant to section 11.2 of the License Agreement, RWI could terminate the License Agreement, with

- 4 -

notice to MDRB, for various reasons, including MDRB's (a) failure to pay any amount due RWI under the License Agreement, (b) failure to remedy any other default of its obligations or warranties under the License Agreement within 30 days after receipt of written notice from RWI specifying one or more defaults under the License Agreement, and (c) receipt of two or more notices of default under the License Agreement in any one year period, whether or not the defaults were cured.

16. Pursuant to section 12.1 of the License Agreement, MDRB agreed that, in the event of a termination of the License Agreement pursuant to section 11.2, it would pay liquidated damages to RWI in accordance with a formula specified in the License Agreement.

17. Pursuant to section 17.4 of the License Agreement, MDRB agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

18. Effective as of the date of the License Agreement, Deepak and Meenakshi provided RWI with a Guaranty of MDRB's obligations under the License Agreement ("Guaranty"). A true copy of the Guaranty is attached hereto as Exhibit B.

19.    Pursuant to the terms of the Guaranty, Deepak and Meenakshi agreed, among other things, that upon a default under the License Agreement, they would "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the Agreement."

20.    Pursuant to the terms of the Guaranty, Deepak and Meenakshi agreed to pay the costs, including reasonable attorneys' fees, incurred by RWI in enforcing its rights or remedies under the Guaranty or the License Agreement.

### The Defendants' Defaults and Termination

21.    Beginning in 2001, MDRB repeatedly failed to operate the Facility in accordance with RWI's System Standards, in breach of its obligations under the License Agreement.

22.    On April 30, 2001, RWI conducted a quality assurance ("QA") inspection of the Facility.  By letter dated May 30, 2001, a true copy of which is attached hereto as Exhibit C, RWI advised MDRB that (a) the Facility received a failing score in the QA inspection and, as a result, MDRB was in default of its obligations under the License Agreement, (b) pursuant to the License Agreement, it had 30 days within which to cure the QA default, and (c) if the default was not cured, then

reservation service to the Facility might be restricted, the License Agreement might be subject to termination.

23. On August 12, 2002 and January 29, 2003, RWI conducted QA inspections of the Facility. By letter dated March 3, 2003, a true copy of which is attached hereto as Exhibit D, RWI advised MDRB that (a) the Facility received a failing score in the QA inspections and, (b) if the Facility received a failing score on the subsequent inspection, MDRB would receive a notice of default.

24. On March 4, 2003 and May 1, 2003, RWI conducted additional QA inspections of the Facility. By letter dated August 1, 2003, a true copy of which is attached hereto as Exhibit E, RWI advised MDRB (a) the Facility received a failing score in the QA inspections and (b) if the Facility received a failing score on the subsequent inspection, it would be terminated.

25. On November 12, 2003, RWI conducted a QA inspection of the Facility. By letter dated January 20, 2004, a true copy of which is attached as Exhibit F, RWI terminated the License Agreement due to MDRB's failure to cure the aforementioned default and advised MDRB that (a) it was to immediately discontinue the use of all trade names, service marks, signs, and other forms of advertising, and other indicia

of operation as part of the Ramada System, and to discontinue the use of other materials on the premises effectively to distinguish the same from its former appearance as a Ramada, (b) all items bearing the Ramada Marks had to be removed, (c) all signs and any listings in directories and similar guides in which the Facility was identified as a Ramada had to be changed, (d) it was required to pay to RWI as liquidated damages for premature termination the sum of $294,000 as required under the License Agreement, (e) it had to de-identify the Facility within 14 days from the receipt of the notice, and (f) demand was made for all outstanding Recurring Fees through the date of termination.

## FIRST COUNT

26. RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 25 of the Complaint.

27. On January 20, 2004, RWI terminated the License Agreement.

28. Section 12.1 of the License Agreement provides that, in the event of termination of the License Agreement due to action of the Licensee, MDRB shall pay liquidated damages to RWI within 30 days of termination.

29.  As a result of the termination of the License Agreement, MDRB is obligated to pay RWI liquidated damages in the amount of $294,000, as calculated pursuant to section 12.1 of the License Agreement.

30.  Notwithstanding RWI's demand for payment, MDRB has failed to pay RWI the liquidated damages as required in section 12.1 of the License Agreement.

31.  RWI has been damaged by MDRB's failure to pay liquidated damages.

**WHEREFORE**, RWI demands judgment against MDRB for liquidated damages in the amount of $294,000, together with interest, attorneys' fees, and costs of suit.

### SECOND COUNT

32.  RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 31 of the Complaint.

33.  By virtue of the premature termination of the License Agreement, RWI sustained a loss of future revenue over the remainder of the 15 year term of the License Agreement.

34.  If the Court determines that MDRB is not liable to pay RWI liquidated damages as required by section 12.1 of the

License Agreement then, in the alternative, MDRB is liable to RWI for actual damages for the premature termination of the License Agreement.

35.   RWI has been damaged by MDRB's breach of its obligation to operate a Ramada guest lodging facility for the remaining term of the License Agreement.

**WHEREFORE**, RWI demands judgment against MDRB for actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

### THIRD COUNT

36.   RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 35 of the Complaint.

37.   Pursuant to the terms of the Guaranty, Deepak and Meenakshi agreed, among other things, that upon a default under the License Agreement, they would immediately make each payment and perform each obligation required of MDRB under the License Agreement.

38.   Despite their obligation to do so, Deepak and Meenakshi have failed to make any payments or perform or cause

MDRB to perform each obligation required under the License Agreement.

39. Pursuant to the Guaranty, Deepak and Meenakshi are liable to RWI for MDRB's liquidated damages in the amount of $294,000 or actual damages in an amount to be determined at trial.

**WHEREFORE**, RWI demands judgment against Deepak and Meenakshi for damages in the amount of all liquidated damages or actual damages due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

**CONNELL FOLEY** LLP
Attorneys for Plaintiff
Ramada Worldwide Inc.

By: _____
JEFFREY K. O'HARA (JO6862)

Dated: 4/7/05

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**CONNELL FOLEY** LLP
Attorneys for Plaintiff
Ramada Worldwide Inc.

By: _____
     JEFFREY L. O'HARA (JO6862)

Dated: **4/7/05**